IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| TIFFANY HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1231 |
| KEVIN RILEY, individually and in his official capacity as an officer of the Normal Police Department; CITY OF NORMAL, ILLINOIS; and ADVANTAGE AUTO SALES; | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff Tiffany Howard's Petition to Remand (d/e 4) (Motion). For the reasons set forth below, this Court recommends that the Motion should be DENIED.

### BACKGROUND

On April 25, 2013, Howard filed this action in McLean County, Illinois, Circuit Court against the Defendants for violation of her civil rights under 42 U.S.C. § 1983 in connection with the repossession of her automobile. Notice of Removal (d/e 1), Exhibit A, McLean County Circuit Court Case No. 13L174, Complaint.

On May 20, 2013, Defendants Kevin Riley and the City of Normal, Illinois (City), filed the Notice of Removal to remove this action under this Court's federal question removal jurisdiction.  Notice of Removal, at 2; see 28 U.S.C. § 1441.  Riley and the City consented to the removal.  Defendant Advantage Auto Sales (Advantage) did not consent to the removal.  As of May 20, 2013, Howard had sent Advantage a Waiver of Service, but Advantage had not yet returned the Waiver.  Advantage's registered agent signed the Waiver of Service on June 4, 2013.  Waiver of Service (d/e 5), at 3.  Howard filed the Waiver of Service for Advantage on June 7, 2013.  Howard has not otherwise served Advantage, and Advantage did not enter an appearance in this case prior to June 7, 2013.

## ANALYSIS

Howard moves to remand this case because Advantage did not consent to the removal.  The removal statute states that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(2)(B).  Thus, a named defendant that was not properly served prior to the filing of the notice of removal does not need to consent to the removal.  See P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 547-48 (7th Cir. 1968); Eltman v. Pioneer Communications of America, Inc., 151 F.R.D. 311, 314

(N.D. Ill. 1993). Advantage was not served before May 20, 2013. Therefore, Advantage's consent to the removal was not required, and the removal is not defective for the lack of that consent.

Howard argues that Advantage's consent was required because she sent Advantage the Waiver of Service. The Court disagrees. Sending a waiver of service to a defendant does not constitute service of process. See Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir. 1998). Furthermore, Advantage did not waive service until June 4, 2013; several weeks after the Notice of Removal had been filed. Advantage clearly was not properly served on May 20, 2013. Therefore, the removing Defendants did not need to secure its consent to file the Notice of Removal. 28 U.S.C. § 1446(2)(B); P.P. Farmer's Elevator Co., 395 F.3d at 547-48. The removal was not defective.

WHEREFORE Plaintiff Tiffany Howard's Petition to Remand (d/e 4) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection

will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  June 26, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE
