UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-1231 |
| | ) |
| KEVIN RILEY, individually and in his | ) |
| official capacity as an officer of the | ) |
| Normal Police Department; | ) |
| CITY OF NORMAL, ILLINOIS, and | ) |
| ADVANTAGE AUTO SALES, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

On June 26, 2013, United States Magistrate Judge Byron S. Cudmore issued a Report and Recommendation [#8] in this matter pertaining to Plaintiff, Tiffany Howard's, Motion to Remand [#4] and Defendant, Kevin Riley's, Motion in Opposition [#6].  More than 14 days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  As the parties failed to present timely objections, any such objections have been waived. Id.

The details of this case are that Howard filed this action in the Circuit Court of McLean County, Illinois alleging Defendants violated her civil rights pursuant to 42 U.S.C. §1983.  On May 20, 2013, Defendants Riley and the City of Normal filed a Notice of Removal based on federal question jurisdiction.  Riley and the City of Normal consented to the removal, though Advantage never did.  As of the date of the notice, Advantage had been sent a waiver of service, but it had not yet been returned.  On June 4, 2013, Advantage's agent signed the waiver and it

was filed on June 7, 2013.  Advantage otherwise had not entered an appearance in this case or been served.

The basis of the Motion to Remand was that Advantage did not consent to the removal. 28 U.S.C. § 1446(2)(B) indicates that all defendants who have been properly joined and served must join in or consent to the removal of the action.  However, as Advantage had not yet been served at the time of removal, its consent was not necessary.  Accordingly, Magistrate Cudmore properly found that the removal was not ineffective.  Further, Magistrate Cudmore properly held that simply sending a waiver of service does not constitute service of process and Advantage's consent was not required as of May 20, 2013, the date the notice of removal was filed.

Accordingly, this Court ADOPTS the Report and Recommendation [#8].  The Motion to Remand [#4] is therefore DENIED.

ENTERED this 14th day of August, 2013.

      /s/ James E. Shadid  
      James E. Shadid  
      Chief United States District Judge