**E-FILED**
Tuesday, 20 August, 2013  11:32:27 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| TIFFANY HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1231 |
| | ) | |
| KEVIN RYAN, individually and in his | ) | |
| official capacity as an officer of the | ) | |
| Normal Police Department; | ) | |
| CITY OF NORMAL, ILLINOIS; and | ) | |
| ADVANTAGE AUTO SALES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and

Recommendation on Plaintiff Tiffany Howard's Motion to Strike or Dismiss

(d/e 12) (Motion).  Howard asks the Court to strike the affirmative defenses

filed by Defendants Kevin Ryan and the City of Normal, Illinois (City)

(collectively Defendants).[1]  For the reasons set forth below, the Court

recommends that the Motion should be ALLOWED in part and DENIED in

part.

---

[1] Howard voluntarily dismissed her claims against Advantage Auto Sales, Inc.  Notice of Dismissal (d/e13).  Ryan and the City are the only remaining Defendants.

BACKGROUND

Howard brings a claim under 42 U.S.C. §1983 against the City and against Ryan in his individual capacity and his official capacity as a police officer in the City Police Department.  The claim arises from Ryan's alleged action in connection with the repossession of Howard's automobile.  Notice of Removal (d/e 1), Exhibit A, Complaint.

The Defendants answered and raised nine affirmative defenses. Answer and Affirmative Defenses to Plaintiff's Complaint (d/e 11) (Answer), at 8-9.[2]  The Defendants have now withdrawn Affirmative Defense Numbers 3 and 5 through 9.  Kevin Ryan and City of Normal's Response to Plaintiff's Motion to Strike Defendants' Affirmative Defenses (d/e 14), at 5. The remaining Affirmative Defense Numbers 1, 2, and 4 are as follows:

1  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2  Defendants Kevin Ryan, individually, and in his official capacity as Officer of the Normal Police Department and the City of Normal, a municipal corporation have qualified immunity for all of Plaintiff's Federal claims in that the law was not clearly established that any of their actions violated plaintiff's constitutional rights.

---

[2] The Court refers to the page numbering assigned by the Court CM/ECF system because Defendants did not number the pages of the Answer.

4   Defendant City of Normal is immune from any liability for
    punitive damages.

<u>Answer</u>, at 8.  Howard moves to strike these defenses.

ANALYSIS

This Court may strike an insufficient defense from a pleading.

Fed. R. Civ. P. 12(f); <u>see</u> <u>Jackson v. Methodist Medical Center of Illinois</u>,

207 WL 128001, at *1 (C.D. Ill. January 11, 2007).  Motions to strike,

however, are generally disfavored because they are often used only to

delay proceedings.  <u>Heller Financial, Inc. v. Midwhey Powder Co.</u>, 883 F.2d

1286, 1294 (7th Cir. 1989).  "The Court is particularly reluctant to strike

affirmative defenses because the assertion of an affirmative defense does

not prejudice the plaintiff.  A plaintiff is not required to file a responsive

pleading and is deemed to have denied all allegations in any affirmative

defense.  Fed. R. Civ. P. 7(a) and 8(b)(6)."  <u>Fralick v. County of Dewitt</u>,

2011 WL 5509226, at *1 (C.D. Ill. November 10, 2011).  The Court

addresses each defense separately.

<u>Affirmative Defense Number 1</u>

Howard moves to strike the Defendants' Affirmative Defense Number

1 because she argues that the assertion that Howard fails to state a claim

is not an affirmative defense.  An affirmative defense generally assumes

the complaint is true and asserts some other reason why the defendant is not liable.  E.g., Lexington Ins. Co. v. Titan Intern., Inc., 2008 WL 687384, at *1 (C.D.Ill.2008).  Failure to state a claim, however, is a recognized defense under Rule 12(b).  Fed.R.Civ.P. 12(b)(6); Local 165 v. DEM/EX Group, Inc., 2010 WL 971811, at *2 (C.D. Ill. 2010); Lexington Ins. Co., 2008 WL 687384, at *1; see Reis Robotics USA, Inc. v. Concept Industries, Inc., 462 F.Supp.2d 897, 905 (N.D. Ill. 2006); Fleet Business Credit Corp. v. National City Leasing Corp., 191 F.R.D. 568, 569 (N.D. Ill. 1999).

Howard also argues that Affirmative Defense Number 1 fails to plead sufficient facts to state a defense.  The same pleading standards apply to affirmative defenses as to other pleadings.  Fed. R. Civ. P. 8(a) and (c); see Local 165, 2010 WL 971811, at *2.  The Defendants must allege enough to give the opposing party notice of the basis for the defense.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Affirmative Defense Number 1 fails to meet this standard.  The defense should be stricken.

Affirmative Defense Number 2

Howard moves to strike Affirmative Defense Number 2 because Ryan and the City fail to allege any facts to support the defense of qualified immunity.  Ryan, however, does not need to allege any facts to assert this

defense in his individual capacity because he is not obligated to prove any facts to assert this defense.  Once a defendant who is sued in his individual capacity asserts the defense of qualified immunity to a §1983 claim, the plaintiff has the burden to prove (1) the defendant's actions violated a federal constitution right, and (2) "the constitutional standards implicated were clearly established at the time in question."  Eversole v. Steele, 59 F.3d 710, 717 (7th Cir. 1995).  Ryan has put Howard on notice of the defense; this is sufficient.  Howard now knows that she must meet her burden of proof to overcome the defense.  Therefore, this defense should not be stricken as to the claims against Ryan in his individual capacity.

The qualified immunity defense raised by the City and by Ryan in his official capacity, however, should be stricken.  A municipality cannot assert a defense of qualified immunity to a §1983 claim. Owen v. City of Independence, Mo., 445 U.S. 622, 638 (1980).  Thus, the City cannot raise this defense.  A claim against a municipal official in his official capacity is a claim against the municipality.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  Thus, Ryan cannot raise this defense against Howard's official capacity claim.  The affirmative defense of qualified immunity raised by the City and by Ryan in his official capacity should be stricken.

Affirmative Defense Number 4

Howard next moves to strike the City's affirmative defense that it is immune from claims for punitive damages.  Howard again argues that this is not an affirmative defense because the assertion does not avoid liability. Howard is correct that the assertion of immunity from punitive damages does not deny liability, but only the availability of a type of damages. Rule 8(c), however, states that a party "must affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c)(1).  The City may have concluded that it was obligated to plead this avoidance of damages under this Rule.  The City clearly has a valid basis to assert this defense. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  The defense of immunity from punitive damages is a purely legal defense, and so, the City need not plead any additional facts to assert it.  The City's assertion of immunity furthers the case by giving notice to Howard and the Court that the City is challenging Howard's ability to secure punitive damages from it.  The defense also does not prejudice Howard because she is deemed to deny or avoid it.  Fed. R. Civ. P. 7(a) and 8(b)(6). Therefore, the defense should not be stricken.

The Defendants have voluntarily withdrawn the remaining affirmative defenses.  The Motion should be denied as moot as to these defenses.

WHEREFORE Plaintiff Tiffany Howard's Motion to Strike or Dismiss (d/e 12) should be ALLOWED in part and DENIED in part.  Affirmative Defense Numbers 3 and 5 through 9 are withdrawn; the request to strike them should be denied as moot.  Affirmative Defense Number 1 should be stricken.  The qualified immunity defense in Affirmative Defense Number 2 raised by the City and by Ryan in his official capacity should be stricken, but Affirmative Defense Number 2 should not be stricken with respect to the claims against Ryan in his individual capacity.  The remainder of the Motion should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  August 20, 2013

_____
_s/ Byron G. Cudmore_
UNITED STATES MAGISTRATE JUDGE